IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABOOD GROUP, INC. d/b/a JIMMY'S BIG BURGER, § § § | | |
| Plaintiff, § § | Civil No. 3:23-CV-01838-K | |
| v. § § | | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY and RYAN BRICHETTO, § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Hartford Underwriters Insurance Company's ("Hartford") Motion to Dismiss Plaintiff's Texas Insurance Code Violations, Texas Deceptive Trade Practices Violations, Bad Faith, and Pattern and Practice Claims for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") and Brief in support thereof, Doc. No. 37–38, Plaintiff Abood Group, Inc. d/b/a Jimmy's Big Burger ("Abood") Response to Hartford's Motion to Dismiss, Doc. No. 40, and Hartford's Reply to Abood's Response to Motion to Dismiss and Brief in support thereof. Doc. No. 43–44.

Upon consideration of the parties' submissions, the Court **GRANTS** Hartford's Motion to Dismiss in part and **DENIES** it in part. Abood operated a restaurant, and Hartford insured it against direct physical loss and damage. After unknown malefactors vandalized the restaurant and stole some of the property onsite, Abood filed an

1

insurance claim with Hartford. Hartford began investigating the claim, paid out $10,000, continued investigating, and apparently never paid the rest of the money Abood believes it deserves. Without that money, Abood could not properly store its inventory or pay rent, leading it to shut down its restaurant. It then sued Hartford for breach of contract and extracontractual wrongdoing, amending its complaint three times along the way. Hartford now moves to dismiss the extracontractual claims. Because Abood's allegations that Hartford failed to explain its partial denial of Abood's claim and unduly delayed in issuing payment are sufficient to survive Hartford's challenge, the Court denies Hartford's motion with respect to Abood's Texas Insurance Code and the Texas Deceptive Trade Practices Act claims based on those allegations. The Court otherwise grants Hartford's motion and **DISMISSES** Abood's claims because they are conclusory. Since Abood only requested leave to amend these claims for the fourth time after the Court's deadline for amending pleadings ran, and because there is no reason to think Abood could cure the deficiencies in the claims, the dismissal is with prejudice.

I.   BACKGROUND

Unless otherwise noted, the Court draws the following facts from Abood's Third Amended Complaint and assumes that they are true. Doc. No. 36.

In 2022, Abood operated a restaurant in Dallas called Jimmy's Big Burger. *Id.* ¶ 7. It insured the restaurant through a policy purchased from Hartford. *See id.* ¶¶ 4–14. Under the policy, Hartford agreed to pay for non-excluded "direct physical loss of

or direct physical damage to" the restaurant, including property used in Abood's business. *Id.* ¶ 30.

On July 5, 2022, Abood discovered that someone had vandalized its restaurant and stolen unspecified property from the premises while the restaurant was closed for Independence Day. *Id.* ¶ 7. It immediately notified Hartford of a potential claim under its insurance policy. *Id.* ¶ 6. On July 29, 2022, Hartford sent representatives to inspect Abood's restaurant alongside Abood's public adjuster. *Id.* ¶ 8. According to Abood, someone assured Abood that its "claim would be properly adjusted, investigated, and paid in a timely manner." *Id.* ¶ 8. Two named representatives of Hartford told Abood that "payment would be forthcoming to cover the expenses needed to restart the business caused by the vandalized equipment." *Id.* ¶ 9.

Buoyed by these representations, Abood kept accepting shipments of food at the Dallas restaurant. *Id.* ¶¶ 9, 13. This was a mistake. Abood's freezers had been damaged, and payment from Hartford to fix them was not forthcoming, so Abood proved unable to store its inventory. *Id.* ¶¶ 9, 13. On August 14, 2022, Abood shuttered its restaurant because it could not pay rent. *Id.* ¶ 11. Thieves added to Abood's injuries by running off with some of its equipment while it moved out of the premises. *Id.* ¶ 12.

Hartford meanwhile investigated Abood's claim. Shortly before the restaurant closed, Hartford asked for information about Abood's loss, which it later received. *Id.* ¶ 11. On September 2, 2022, Hartford sent Abood a $10,000 advance payment on its claim. *Id.* ¶ 12. Hartford asked for a new inspection of the restaurant around the same

3

time, though Abood's moveout appears to have prevented this inspection. *Id.* Hartford did manage to interview at least one individual about the damage to the restaurant at the beginning of November. *Id.* ¶ 13. Abood also facilitated an inspection of its damaged equipment, but it appears that Hartford was not in attendance for and perhaps not invited to this inspection. *Id.* Despite its investigation, Hartford never paid Abood the full amount Abood believes it deserves. *Id.* ¶ 24.

Abood sued Hartford in the 116th Judicial District Court of Dallas County and asserted claims of fraud, breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act ("DTPA"). Doc. No. 1-5 at 12–17. Hartford removed the suit to this Court and filed a motion to dismiss in which it argued that Abood's allegations were conclusory and that Abood could not recover for Hartford's alleged misrepresentations. Doc. No. 6.

Abood responded by filing an amended complaint dropping its fraud claims apart from a claim for fraudulent inducement. Doc. No. 12. With Hartford's agreement, Abood then filed a second amended complaint dropping the fraudulent inducement claim. Doc. Nos. 14–15, 18. Hartford again filed a motion to dismiss, repeating many of the same arguments it made in its first motion and adding a new argument for dismissing Abood's contract claim. Doc. No. 22.

Abood moved to file a third amended complaint that would address Hartford's new argument concerning the contract claim. Doc. No. 24. The Court granted Abood's

4

motion and denied Hartford's motion to dismiss as moot. Doc. No. 35. The third amended complaint is Abood's live pleading and contains claims for breach of contract, for breach of the duty of good faith and fair dealing, for violation of Sections 541.060(a)(1), (2)(A), (3), (4) and (7) and 542.055, .056, and .058 of the Texas Insurance Code, and for violation of the DTPA. *Id.* ¶¶ 30–51.

Hartford has now renewed its motion to dismiss for the third time. Doc. No. 37. In its motion, Hartford requests dismissal of Abood's extracontractual claims. Doc. No. 38. This has led to disagreement about which claims are at issue. Hartford says Abood is asserting a claim for a "pattern and practice" of common law and statutory insurance violations and moves to dismiss the claim. Doc. No. 44 at 9. Abood says it has merely alleged that Hartford engaged in such a pattern and practice as a supporting fact. Doc. No. 40 at 19. The Court accepts Abood's representation that it is not asserting a pattern and practice claim and will interpret its complaint accordingly. The Court will address the remainder of Abood's disputed claims presently.

## II.   LEGAL STANDARD

The Court will dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if, accepting Abood's factual allegations as true, Abood has a plausible entitlement to relief. *Univ. Baptist Church of Fort Worth v. York Risk Servs. Grp. Inc.*, 776 F. App'x 863, 864 (5th Cir. 2019) (per curiam). The Court requires Abood to plead fraud "with particularity." Fed. R. Civ. P. 9(b); *Mitchell v. Praetorian Ins. Co.* ("*Mitchell I*"), 2023 WL 7336685, at *3–5 (S.D. Tex. Nov. 7, 2023) (Rosenthal, J.).

5

## III. DISCUSSION

The Court dismisses Abood's Texas Insurance Code, DTPA, and good faith and fair dealing claims with the exception of Insurance Code and DTPA claims based on Hartford's alleged failure to explain its partial denial of Abood's insurance claim and Hartford's alleged failure to promptly pay the claim in full. As the Court explains in greater detail in the next three subsections, Abood's claims based on these allegations have factual support in Abood's pleading, but Abood's remaining claims do not. The Court then considers whether to grant Abood leave to amend its deficient claims in the subsection following and concludes that it should not.

### A. Texas Insurance Code

The Court begins with Abood's claims under the Texas Insurance Code. These claims belong to two classes: unfair settlement practices claims under Sections 541.060(a)(1), (2)(A), (3), (4) and (7) of the Insurance Code and prompt payment claims under Sections 542.055, .056, and .058 of Insurance Code. The Court reviews each class in turn.

#### 1. Unfair Settlement Practices

The Court dismisses Abood's unfair settlement practices claims under Sections 541.060(a)(1), (2)(A), (4), and (7) of the Texas Insurance Code and declines to dismiss Abood's unfair settlement practices claim under Section 541.060(a)(3) of the Texas Insurance Code. Abood's Section 541.060(a)(3) claim is its only unfair settlement practices claim supported by concrete factual allegations.

6

The Court notes at the outset of this discussion that the parties disagree about whether Hartford's alleged misrepresentations to Abood are relevant to any of the unfair settlement practices claims other than the claim under Section 541.060(a)(1). Doc. No. 40 at 7; Doc. No. 44 at 2.  As Hartford notes, Sections 541.060(a)(2)(A), (3), (4), and (7) do not, by their terms, cover pure misrepresentation claims, though they do cover improper settlement conduct to which an insurer's misrepresentations may be relevant.  Section 541.060(a)(2)(A), for example, covers failures to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear."  In addressing each of Abood's unfair settlement practices claims across the following five subsections, the Court will consider all of the factual allegations material to that claim.

### i. Section 541.060(a)(1)

The Court first grants Hartford's motion to dismiss Abood's Section 541.060(a)(1) claim.  Under Section 541.060(a)(1), "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue" is an unfair or deceptive act or practice.  Abood alleges that an unspecified person falsely told its adjuster that Abood's "claim would be properly adjusted, investigated, and paid in a timely manner."  Doc. No. 36 ¶ 8.  Abood also alleges that representatives of Hartford falsely told Abood that "payment would be forthcoming to cover the expenses needed to restart [Abood's] business" after unknown persons vandalized it.  *Id.* ¶ 9.  Because Hartford made a payment to Abood, the Court concludes that Abood simply disagrees

7

with Hartford about the extent of the damages it had promised to cover. *Id.* ¶ 12. Courts in this Circuit overwhelmingly agree that such disputes are not actionable under Section 541.060(a)(1).

Before elaborating on this conclusion, the Court clarifies two points concerning the alleged misrepresentations in dispute. First, the two alleged misrepresentations just reproduced are not the only misrepresentations referenced in Abood's complaint, but they are the only misrepresentations on which Abood relies in its briefing to defend its Section 541.060(a)(1) claim. Doc. No. 40 at 7–11. The Court therefore understands them to be the sole misrepresentations on which the claim rests. Second, the Court considers these two misrepresentations only to the extent they suggest that Hartford would pay Abood compensation it later refused to pay. Although Abood also views the statement that its "claim would be properly adjusted [and] investigated" as false, it has alleged no facts other than Hartford's failure to pay indicating that the adjustment or investigation of the claim were improper.

Returning to the application of Section 541.060(a)(1), the Court notes that minority and majority interpretations of the statute appear in the case law. *Compare, e.g.*, *Glidewell v. Safeco Ins. Co. of Ind.*, 2015 WL 4868483, at *5 (N.D. Tex. Aug. 13, 2015) (Fish, J.) (minority view), *with Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (majority view). No party advocates for the minority interpretation, so the Court will apply the majority interpretation.

8

Under the majority interpretation, only misrepresentations about the "details of a policy, not the facts giving rise to a claim for coverage," are actionable under Section 541.060(a)(1). *Messersmith*, 10 F. Supp. 3d at 724; *Patel v. Brighthouse Life Ins. Co.*, 2022 WL 18673260, at *3 (N.D. Tex. Nov. 10, 2022) (Horan, M.J.), *rep. & rec. adopted*, 2023 WL 357359 (N.D. Tex. Jan. 20, 2023) (Lindsay, J.). Misrepresentations about the extent of the damages to be covered do not satisfy this standard. *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 532 (N.D. Tex. 2022) (Fish, J.); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 6132229, at *3 (N.D. Tex. Aug. 25, 2020) (McBryde, J.); *TBC-JP-LR, JV v. Allied Prop. & Cas. Ins. Co.*, 2019 WL 8230825, at *1 (N.D. Tex. Apr. 12, 2019) (Means, J.).

This principle requires dismissal of Abood's Section 541.060(a)(1) claim. As alleged by Abood, Hartford's representations were only false because Hartford disagreed with Abood's assessment of Abood's losses. Hartford allegedly promised to cover Abood's losses; Hartford then paid Abood $10,000, and Abood now complains that Hartford's payment was insufficient. Doc. No. 36 ¶¶ 8–12. Abood may be correct about the extent of its damages and may be able to show that Hartford breached the parties' insurance contract by failing to pay more, but Hartford's error in estimating damages is not the type of conduct remedied by Section 541.060(a)(1). *See One Way*, 2014 WL 6991277, at *4; *SJ Auto Brokers, Inc. v. Union Ins. Co.*, 2019 WL 10369658,

at *3 (W.D. Tex. July 24, 2019); *cf. also Patton*, 617 F. Supp. 3d at 532; *Dadfar v. Liberty Mut. Ins. Co.*, 2022 WL 18046688, at *4 (W.D. Tex. Nov. 10, 2022).

### ii. Section 541.060(a)(2)(A)

The Court next dismisses Abood's claim under Section 541.060(a)(2)(A) of the Insurance Code. Section 541.060(a)(2)(A) makes it an unfair or deceptive act or practice to fail to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Abood alleges no facts suggesting that Hartford's settlement efforts were inadequate or that its liability was reasonably clear.

Regarding Hartford's settlement efforts, Abood's complaint is nearly silent. Abood alleges that Hartford investigated its claim, promised to make a payment, paid out $10,000, continued investigating, and ultimately declined to pay out more. Doc. No. 36 ¶¶ 8–16. Abood otherwise offers only recitations of the Section 541.060(a)(2)(A) standard together with bald assertions that Hartford violated it. *Id.* ¶¶ 18, 35; *see Cortez v. W. Mut. Ins. Co.*, 2019 WL 10349397, at *3 (W.D. Tex. June 24, 2019) (dismissing Section 541.060(a)(2)(A) claim where plaintiffs recited legal standards without alleging how defendants failed to effectuate a settlement in good faith).

Abood's allegations that Hartford's liability was reasonable clear are equally spare. Abood makes some attempt to show that its insurance policy covered the damages to its restaurant, but it never attempts to allege concretely when or why Hartford

10

should have realized that its $10,000 payment was insufficient to remediate those damages. *Ganim v. Zurich Am. Ins. Co.*, 2024 WL 420149, at *5 (S.D. Tex. Feb. 5, 2024) (Rosenthal, J.) (dismissing Section 541.060(a)(2)(A) claim for failure to allege such facts).

The Court concludes that Abood's Section 541.060(a)(2)(A) claim lacks plausible supporting factual allegations and dismisses the claim.

### iii. Section 541.060(a)(3)

The Court denies Hartford's motion to dismiss Abood's claim under Section 541.060(a)(3) of the Insurance Code. Section 541.060(a)(3) makes it an unfair or deceptive act or practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." According to Abood, Hartford only partially paid its claim but never explained why it did so or indicated that full payment would be forthcoming. Doc. No. 36 at 19. Accepting this allegation as true, it supports a claim under Section 541.060(a)(3). *See Ganim*, 2024 WL 420149, at *5 (allowing a similar partial payment claim).

### iv. Section 541.060(a)(4)

Turning to Abood's claim under Section 541.060(a)(4) of the Insurance Code, the Court finds Abood's allegations impermissibly conclusory. In relevant part, Section 541.060(a)(4) makes it an unfair or deceptive act or practice to fail to "affirm or deny coverage of a claim to a policyholder" within a "reasonable time." Although

Abood does state that Hartford partially paid its claim about a month after inspecting Abood's restaurant, Abood does not state when Hartford decided not to make further payments. Doc. No. 36 ¶¶ 8–12. Without this information, and without any substantive explanation why Hartford's alleged delays were unreasonable, Abood's Section 541.060(a)(4) cannot proceed. *See Mitchell v. Praetorian Ins. Co.* ("*Mitchell II*"), 2024 WL 310224, at *3 (S.D. Tex. Jan. 26, 2024) (Rosenthal, J.); *Castaneda v. Nationwide Prop. & Cas. Ins. Co.*, 2011 WL 3875362, at *2 (S.D. Tex. Sept. 1, 2011).

    **v. Section 541.060(a)(7)**

That brings the Court to Abood's last unfair settlement practices claim, which arises under Section 541.060(a)(7) of the Insurance Code. Finding Abood's factual allegations wanting, the Court dismisses this claim, too. Under Section 541.060(a)(7), it is an unfair or deceptive act or practice to refuse to "pay a claim without conducting a reasonable investigation with respect to the claim." In its complaint, Abood asserts that Hartford's investigation was "outcome-orientated," but nothing in Abood's pleading supports this characterization aside from Abood's disagreement with Hartford's assessment of its losses. Doc. No. 36 ¶ 21. Hartford allegedly inspected Abood's restaurant, requested information from Abood, and interviewed a witness about Abood's losses. *Id.* ¶¶ 8–13. The Court sees no factual allegations suggesting that Hartford engaged in an "outcome-orientated" investigation in violation of Section 541.060(a)(7). *See Jackson v. Farmers New World Life Ins. Co.*, at *5 (N.D. Tex. May 12, 2020) (Boyle, J.) (dismissing Section 541.060(a)(7) because factual allegations did

not support characterization of investigation as "outcome-oriented"); *Tiras v. Encompass Home & Auto Ins. Co.*, 2011 WL 5827298, at *4 (S.D. Tex. Nov. 17, 2011) (similar).

### 2. Prompt Payment

The Court now considers Abood's prompt payment claims under Sections 542.055, .056, and .058 of the Texas Insurance Code. Like most of Abood's unfair settlement practices claims, its claims under Sections 542.055 and .056 rest on conclusory allegations, so the Court will dismiss them. The Court finds stronger factual allegations supporting Abood's claim under Section 542.058, so the Court will let that claim proceed.

#### i. Section 542.055

The Court begins by dismissing Abood's claim under Section 542.055 of the Insurance Code. Section 542.055 gives an insurer other than an eligible surplus lines insurer fifteen days after it receives notice of a claim to "(1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." Abood does not allege when Hartford acknowledged receipt of Abood's claim or began investigating the claim, nor does it allege when Hartford first requested all information it thought it would need from Abood. The Court therefore cannot infer that Hartford has violated Section 542.055. *Tiras*, 2011 WL 5827298, at *5; *see also Mitchell II*, 2024 WL 310224, at *3; *Jimenez v. Allstate Tex. Lloyd's*, 2012 WL 360096, at *4 (S.D. Tex. Feb. 2, 2012); *Perez v. Allstate Vehicle &*

*Prop. Ins. Co.*, 2022 WL 1118955, at *2 (W.D. Tex. Feb. 18, 2022), *rep. & rec. adopted*, 2022 WL 1118952 (W.D. Tex. Mar. 9, 2022).

### ii. Section 542.056

The Court next dismisses Abood's claim under Section 542.056 of the Insurance Code. Under Section 542.056, an insurer generally must "notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." Since Abood does not specify when Hartford received all the information it needed or how long it took Hartford to accept or reject Abood's claim after that point, Abood has not sufficiently pled a claim under this provision. *Mitchell II*, 2024 WL 310224, at *3; *Elevera v. State Farm Lloyds*, 2023 WL 5682399, at *7 (E.D. Tex. Aug. 2, 2023), *rep. & rec. adopted*, 2023 WL 6147164 (E.D. Tex. Sept. 20, 2023). If Abood believes that Hartford accepted its claim in whole or in part when Hartford paid Abood $10,000, Abood's theory of Section 542.056 liability is particularly curious. Hartford allegedly made the payment in the middle of its investigation. Doc. No. 36 ¶¶ 8–13. Its last investigative step before the payment was to request information from Abood. *Id.* ¶ 10. This came only twenty-two days before the payment, and Abood conspicuously fails to allege when it responded to the request. *Id.*

### iii. Section 542.058

The Court denies Hartford's motion to dismiss Abood's claim under Section 542.058 of the Insurance Code. Unless modified by another statute, Section 542.058

14

requires an insurer to pay its insured's covered losses within sixty days of "receiving all items, statements, and forms reasonably requested and required under Section 542.055," a provision contemplating requests for information necessary to investigate the insured's claim. Although Abood does not provide a specific timeline of events, the Court can infer that Hartford has not timely paid Abood's claim in full. Abood alleges that it provided Hartford with the information it needed to accept or reject Abood's claim and backs this up by specifying the inquiries from Hartford to which it fully responded. Doc. No. 36 ¶¶ 8–13. Abood then enables the Court to infer that Hartford delayed payment for over sixty days by explaining that Hartford still had not fully paid when Abood filed its live complaint over a year after the last inquiry. *Id.* ¶ 24. Abood's claim would be stronger if Abood offered dates for more of the relevant events, but it is sufficient at the pleading stage. *See SJ Auto*, 2019 WL 10369658, at *5; *Grimes v. Nationwide Prop. & Cas. Ins. Co.*, 2011 WL 13248993, at *7 (S.D. Tex. Nov. 22, 2011).

### B. DTPA

The Court turns to Abood's DTPA claims. These claims parallel Abood's unfair settlement practices claims, so the Court will likewise dismiss them in part. Abood brings its DTPA claims under a statutory provision authorizing suits against persons who use or employ an "act or practice in violation of Chapter 541" of the Insurance Code. Tex. Bus. & Com. Code § 17.50(a)(4); Doc. No. 40 at 17. Since the Court held that Abood has not sufficiently alleged its unfair settlement practices claims under Sections 541.060(a)(1), (2)(A), (4), and (7) of the Insurance Code, these claims cannot

15

serve as predicates for Abood's DTPA claims. *Supra* Sections III.i–.ii, .iv–.v; *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 563–64 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014). The Court conversely held that Abood sufficiently alleged its claim under Section 541.060(a)(3) of the Insurance Code, so, in the absence of new arguments from Hartford, the Section 541.060(a)(3) claim appears to be a plausible DTPA predicate. *Supra* Section III.iii; *see Exhibit Network Int'l, Ltd. v. Union Ins. Co.*, 2020 WL 6785968, at *5 (S.D. Tex. Nov. 2, 2020) (reaching a similar conclusion with respect to a plausible Section 541.060(a)(7) predicate), *rep. & rec. adopted*, 2020 WL 6781631 (S.D. Tex. Nov. 18, 2020). The Court therefore dismisses Abood's DTPA claims based on Sections 541.060(a)(1), (2)(A), (4), and (7) of the Insurance Code and declines to dismiss Abood's DTPA claim based on Section 541.060(a)(3) of the Insurance Code.

### C. Good Faith and Fair Dealing

Abood's last extracontractual claim is for breach of the duty of good faith and fair dealing. The Court dismisses this claim because, like Abood's similar unfair settlement practices claims, it lacks well-pled factual support. An insurer breaches its duty of good faith and fair dealing if it denies or delays payment of a claim when it knows or should know that it lacks a reasonable basis for the denial or delay. *Long v. Dearborn Nat'l Life Ins. Co.*, 2022 WL 797417, at *4 (5th Cir. Mar. 15, 2022) (per curiam). The insurer may also breach its duty by failing to reasonably investigate a claim. *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 897 (5th Cir. 2018); *Luna v. Nationwide Prop. & Cas.*

16

*Ins. Co.*, 798 F. Supp. 2d 821, 830 (S.D. Tex. 2011). Addressing these standards, Abood advances familiar arguments that Hartford conducted an unreasonable investigation of Abood's claim and should have known that it was liable for unpaid damages to Abood's restaurant. Doc. No. 40 at 14–19. The Court has already rejected these arguments in dismissing Abood's claims under Sections 541.060(a)(2)(A) and (7) of the Insurance Code. As the Court explained in its discussion of these claims in Sections III.A.1.ii and .v of this opinion, Abood has not pled concrete facts showing that Hartford's investigation was deficient or that Hartford should have realized it owed Abood money. Based on the same findings, the Court dismisses Abood's claim for breach of the duty of good faith and fair dealing. *See SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 818, 819 & n.17, 821 (S.D. Tex. 2011); *Cortez*, 2019 WL 10349397, at *5; *Mitchell I*, 2023 WL 7336685, at *3; *see also Abdon v. State Farm Lloyds*, 2017 WL 3535441, at *4 (S.D. Tex. Aug. 17, 2017) (dismissing good faith and fair dealing claim because Section 541.060(a)(2)(A) and (7) claims failed).

### D. Leave to Amend

Having partially dismissed Abood's claims, the Court concludes that the partial dismissal should be without leave to amend. The Court's deadline for amending pleadings has passed. Doc. No. 17 ¶ 6. The Court could modify that deadline for good cause, but Abood does not argue that good cause exists. *Millsap Waterproofing, Inc. v. U.S. Fire Ins. Co.*, 2021 WL 6063620, at *5 (S.D. Tex. Dec. 21, 2021); *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021). It makes only a passing request

for leave to amend at the end of its response brief, which it filed well after the deadline expired. Doc. No. 40 at 20–21. That is insufficient. *See Spring Street Apts Waco, LLC v. Phila. Indem. Ins. Co.*, 2017 WL 1289036, at *15 (W.D. Tex. Apr. 6, 2017).

The Court also doubts that giving Abood another opportunity to amend its complaint would be fruitful. Abood has already amended its complaint three times, twice in response to motions to dismiss substantially similar to the motion partially granted in this opinion. Doc. Nos. 6, 12, 18, 22, 36; *see One Way Invs., Inc. v. Century Sur. Co.*, 2015 WL 12916412, at *1 (N.D. Tex. May 14, 2015) (Fitzwater, J.); *Castaneda*, 2011 WL 3875362, at *4. Abood does not identify any facts it could allege to overcome the repeated arguments that proved fatal to most of its extracontractual claims. *See ValTex Properties LLC v. Cent. Mut. Ins. Co.*, 2020 WL 6781944, at *4 (N.D. Tex. Nov. 18, 2020) (Boyle, J.). In its brief request for leave to amend, Abood stated that it had also filed a separate motion seeking the same relief, but this statement was not true when made, and Abood has not filed any such motion since. Doc. No. 40 at 21. The Court concludes that Abood has not justified further repleading of its dismissed claims.

## IV.   CONCLUSION

The Court **GRANTS** Hartford's Motion to Dismiss in part and **DENIES** it in part. The Court **DISMISSES** with prejudice the following of Abood's claims: Abood's misrepresentation claim under Section 541.060(a)(1) of the Texas Insurance Code, Abood's good faith settlement attempt claim under Section 541.060(a)(2)(A) of the Texas Insurance Code, Abood's timely acceptance or denial of coverage claim under

Section 541.060(a)(4) of the Texas Insurance Code, Abood's unreasonable investigation claim under Section 541.060(a)(7) of the Texas Insurance Code, Abood's prompt payment claims under Sections 542.055 and .056 of the Texas Insurance Code, Abood's DTPA claims based on the Section 541.060(a)(1), (2)(a), (4), and (7) claims just described, and Abood's claim for breach of the duty of good faith and fair dealing.

**SO ORDERED.**

Signed June 10th, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE